# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**

**v.)**    **No. 23-387**  (JCN: 2022001737)
                    (ICA No. 22-ICA-315)

**Renee J. Orr,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] appeals the May 22, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ACNR Resources, Inc. v. Orr*, No. 22-ICA-315, 2023 WL 3581526 (W. Va. Ct. App. May 22, 2023) (memorandum decision). Respondent Renee J. Orr filed a timely response.[2] The issue on appeal is whether the ICA erred in affirming the November 18, 2022, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the June 29, 2022, order of the West Virginia Workers' Compensation Office of Judges.[3] In its order, the Office of Judges reversed the claim administrator's August 11, 2021, order denying the compensability of the instant claim because the Office of Judges found

---

[1] For reasons not readily apparent in the record, the employer identifies itself as "Harrison County Coal Resources, Inc." However, we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel J. Thomas Greene Jr. and T. Colin Greene.

[3] The Board of Review decided the appeal of an order entered by the Office of Judges on June 29, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

1

that the claimant sustained a new injury to her left ankle in July 2021 instead of suffering a recurrence of a 2018 injury.

The employer asserts that the claim administrator's order denying the instant claim should be reinstated as the claim administrator properly determined that the 2021 injury constituted an aggravation of the 2018 injury. The employer argues that the claimant continued to suffer left ankle symptoms from the 2018 compensable injury, that diagnostic testing in 2021 revealed no new injury, and that the claimant's complaints about her ankle did not change. The claimant counters by arguing that she experienced new symptoms after the 2021 injury, and the fact that a claimant previously sustained an injury to a specific body part does not preclude the compensability of a subsequent injury involving the same body part. The claimant further argues that the claim administrator's choice to pay for the treatment of the 2021 ankle sprain under the 2018 injury's claim number is not dispositive of whether the 2021 injury was merely an aggravation of the 2018 injury.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, --- W. Va. ---, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: October 30, 2024**

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Chief Justice Tim Armstead

Armstead, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.